JOSEFINA CAPÓ SÁNCHEZ DE LUBE, Plaintiff and Appellant,
v. SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 428.    Decided March 5, 1964.

*Manuel I. Vallecillo* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Carmen Massari Cintrón filed her income tax return on the basis of the calendar year. She died on February 6, 1948 under a holographic will executed July 3, 1946, which was protocolized in an ex parte proceeding filed by the testamentary executor Mr. Rafael B. Pérez Mercado, in the former District Court of San Juan, now Superior Court.

The testatrix left twelve bequests and legacies for a total value of $45,500.00, the largest one being for $20,000 which she left to Josefina Capó Sánchez Lube, plaintiff-appellant herein, designated hereinafter as Josefina Capó. The testatrix also instituted Josefina Capó as legatee of "every right which might remain" after the death of the testatrix, with respect to an annuity which the deceased has with Manufacturers' Life Insurance Company. She further designated Josefina Capó as her universal heiress, in 50 percent of the remainder of her estate after all the legacies had been paid, and instituted all the legatees as her universal heirs as to the other 50 percent of the estate, Josefina Capó being also included in this other 50 percent.

The inheritance was liquidated at the end of 1949. On January 12, 1950 the Secretary of the Treasury determined an income tax deficiency for the amount of $21,394.85, which he notified to the heirs of Carmen Massari. This deficiency originated in an unreported profit obtained in the sale of a share belonging to Carmen Massari in a property which she had obtained by inheritance. The statutory period to appeal from the Secretary's determination, if they had so wished, having expired, without the heirs having appealed, the Secretary proceeded to assess the deficiency with the corresponding interest, amounting to $21,569.50.

Upon nonpayment of the deficiency the Secretary, on June 16, 1953, filed a complaint against plaintiff herein and

the other heirs of Carmen Massari, for the payment of the income tax giving rise to Civil suit No. 10. The defendants appeared and challenged the notice of deficiency as well as the amount thereof and alleged that even if it were valid, they were not responsible for its payment. The case having been heard, the Superior Court on March 18, 1955 in an elaborate and careful opinion granted the complaint and ordered the following: .

"The executors shall deliver the remainder of the inheritance, amounting to $1,986.94 to the Secretary of the Treasury. The defendants shall cover the unpaid difference of the tax deficiency, notified to them, according to the proportion belonging to each one of them in their respective shares. The legatees and executors shall agree and fix, among themselves, the time and amount to be paid and advanced by each one, for the purpose of making delivery, without any delay, to the Secretary of the Treasury, of the total amount of the tax deficiency, $21,569.50, plus interest."

"The Secretary of the Treasury shall register the computations, including the corresponding interest, in the office of this court, within the term of twenty (20) days to be counted from the date of notice of this judgment."

For a better understanding of the whole situation, we point out that in the stipulation submitted by the parties, in the case before us, at the hearing held May 5, 1960 in the Superior Court, it was agreed "that the share corresponding to Josefina Capó in the income tax assessed to Carmen Massari is 66.405 percent of the aforesaid deficiency."

Going back to the history we are making, we said that on June 16, 1953 the Secretary of the Treasury filed a complaint to recover the income tax and that after the case was heard on the merits the Superior Court, on March 18, 1955, granted the complaint with the aforesaid results. Said judgment became final and unappealable (*firme*).

On August 16, 1955 the plaintiff paid the Secretary the amount of $20 and at that time she filed with said officer a petition for refund of income tax and of inheritance tax. In

her petition she alleged that an error had been committed in determining that the cost of her share in the property that the taxpayer sold was $18,330.98, as alleged by the Secretary, because the value of the share held by Carmen Massari in said property was $70,000, for which reason, plaintiff concluded, there was no benefit since the selling price was $61,500. She further requested that a readjustment of the inheritance tax she had paid be made. The Secretary denied the refund requested because this matter constituted res judicata pursuant to Civil Case No. 10, already mentioned, decided March 18, 1955. Plaintiff appealed from the determination of the Secretary of the Treasury and on October 16, 1958 filed a complaint in the Superior Court for the refund of the income tax. The Secretary moved for the dismissal of the complaint on the ground that it was res judicata. Hon. J. M. Calderón, Superior Judge, in an order of January 23, 1959 denied the motion to dismiss and ordered the Secretary to answer the complaint within the term of 10 days to be counted from the notice of the order.

The case having been set for a hearing on the merits on May 5, 1960, the parties appeared through counsel and after submitting a stipulation and documentary evidence submitted the case on the briefs.[1] The Superior Court dismissed the complaint on two grounds. The first consisted in that "what the plaintiff seeks to litigate now is the validity of the deficiency which was already adjudged by judgment (civil case No. 10) to which the plaintiff consented. This is a situation of res judicata which bars plaintiff from raising and the court from deciding the same questions already adjudicated by said judgment." The second count consisted in that assuming that

---

[1] The Superior Court decided the case in an opinion and judgment rendered on August 22, 1960 by Judge Ángel Fiol Negrón. On December 12, 1960 the plaintiff filed in this court a Petition for Review which was issued March 10, 1961. The transcript of the evidence and the original record were filed January 14, 1963 and the briefs of the parties in February and July of that year.

there exists a controversy of issues between the parties as to the deficiency determined by the Secretary of the Treasury, the same could not be decided by the Court because it lacks jurisdiction. The lack of jurisdiction, explained the Superior Court in its opinion, is based on the fact that in order to file an action for refund the plaintiff taxpayer must first pay the challenged tax.

Appellant assigns the following four errors:

1. "The Judge of the Superior Court of Puerto Rico, San Juan Part, committed serious error of law in reviewing and reversing an Order rendered by another Judge of the same Superior Court."

2. "The Judge of the Superior Court of Puerto Rico, San Juan Part, committed serious error of law in declaring that the petition for refund of income tax and inheritance tax filed by plaintiff herein was res judicata."

3. "The Judge of the Superior Court of Puerto Rico, San Juan Part, committed serious error of law in deciding that plaintiff herein had not paid the entire amount of the tax owed by her in the proportion corresponding to her as one of the heirs of Carmen Massari Cintrón."

4. "The Judge of the Superior Court of Puerto Rico, San Juan Part, committed serious error of law in declaring itself without jurisdiction and authority to consider and decide this case on the application of the doctrine laid down in *Flora* v. *United States*, 357 U.S. 63."

■ ■ The fact is that the gist of the controversy—whether Carmen Massari had a profit in the sale of the property—was previously litigated between the parties and decided by the Superior Court in Civil Case No. 10. Plaintiff's contention in the sense that in case No. 10 her adverse party was the Commonwealth and in the case at bar it is the Secretary of the Treasury is frivolous. It is the same party. In other words, what plaintiff seeks to litigate is the validity of the deficiency which was already adjudicated by the aforesaid judgment and to which she consented. The present challenge

is untimely inasmuch as she overlooked the opportunities afforded to her by law.

■■ We have before us a case involving the modality of res judicata known as collateral estoppel by judgment. Since in Civil Case No. 10 the cause of action was the collection of taxes and in the case at bar it is the refund of taxes it would not be technically correct to say that it was res judicata, but the jurisprudential doctrine has recognized the reality that in these tax cases the same question is actually sought to be relitigated under guise of another cause of action and it has developed the doctrine of collateral estoppel by judgment. *Commissioner* v. *Sunnen*, 333 U.S. 591, 597–8 and 601 (1948); *Cromwell* v. *County of Sac*, 94 U.S. 351, 352–3 (1876); *Tait* v. *Western Md. R. Co.*, 289 U.S. 620, 624 (1933); *The Evergreens* v. *Nunan*, 141 F.2d 927 (1944); Restatement, Judgments, § 68, Comment c; Scott, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1 (1942); Griswold, *Res Judicata in Federal Tax Cases*, 46 Yale L.J. 1320 (1937); Commentary, *Collateral Estoppel as to Questions of Law in Federal Tax Cases*, 35 Iowa L. Rev. 700 (1950). At times the courts have used the generic term of res judicata in these cases. It is definitively established by the federal and state courts that said defense may be invoked in tax suits, *Buscaglia, Treasurer* v. *Tax Court*, 72 P.R.R. 576, 580 (1951). See also *Pereira* v. *Hernández*, 83 P.R.R. 156, 161 (1961).

■ Since the appeal and review are taken against the judgment and not against its reasons, by virtue of the foregoing it is not necessary to discuss the errors assigned and the judgment of the Superior Court, San Juan Part, rendered in this case on August 22, 1960 will be affirmed.